# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00442-COA

COURTNEY MCGAHEE A/K/A COURTNEY MCGHEE A/K/A COURTNEY MCGEHEE            APPELLANT

v.

STATE OF MISSISSIPPI            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/25/2014 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | W. S. STUCKEY JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | WILLIE DEWAYNE RICHARDSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A CONTROLLED SUBSTANCE IN A CORRECTIONAL FACILITY AND SENTENCED AS A HABITUAL OFFENDER TO SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED - 08/25/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. On March 18, 2014, Courtney McGahee was convicted of possession of controlled substance in a correctional facility in violation of Mississippi Code Annotated section 47-5-198 (Rev. 2011). This appeal proceeds from McGahee's judgment of conviction.

**FACTS AND PROCEDURAL HISTORY**

¶2.　　On January 4, 2013, Rekessha White, a correctional-facility officer, and Chip Gravlee, chief of security, were on duty at the Leflore County Adult Detention Center. Officer White and Chief Gravelee smelled tobacco smoke coming from the "B Pod." The officers entered the zone and determined the smoke was coming from cell B-4. As the officers arrived at cell B-4, four inmates were attempting to leave the cell. The officers conducted a "shakedown" by thoroughly searching everything in the cell. Only inmate Tavarison Kinds was assigned to cell B-4. During the search, Kinds remained inside the cell, two inmates came out of the cell, and McGahee stood outside the cell by the door. McGahee was assigned to cell B-18 at the time. During the search, Officer White discovered a ziplock bag containing tobacco. Officer White also discovered a sock containing a plastic bag with a green leafy substance inside, which was determined to be marijuana. The ziplock bag containing tobacco and a sock containing marijuana were found under the lower bunk of Kinds' cell. When the marijuana was discovered, McGahee stated that it belonged to him in the presence of Officer White, Chief Gravlee, and inmate Kinds. The four inmates that came out of cell B-4 were strip-searched, but nothing was found on their person. Although the facility policy prohibits inmates from being in other inmates' cells, that rule is not enforced.

¶3.　　On January 8, 2013, McGahee signed a written statement, asserting that he threw the sock containing marijuana under Kinds's bunk in cell B-4. The statement also admitted that the tobacco and marijuana were his and that he was not threatened or promised anything by confessing. At the conclusion of the State's case-in-chief, McGahee moved for a directed

2

verdict, which the trial court denied. The defense did not call any witnesses, but McGahee testified in his own defense. McGahee testified to making and signing the written statement. McGahee also admitted to orally stating that the marijuana was his; however, McGahee denied making the verbal admission to Officer White while standing outside cell B-4 when the marijuana was first discovered. Despite his confessions, McGahee testified that he lied and was merely trying to help someone out because he believed he would never be charged. McGahee testified that he and Kinds were placed in a cell while the investigation was ongoing, and Kinds asked him to say that the marijuana was McGahee's because the charges would be thrown out since the marijuana was not found on his person.

¶4. The jury returned a verdict finding McGahee guilty of possession of a controlled substance in a correctional facility. Prior to trial, on December 17, 2013, the trial court entered an order amending the indictment to charge McGahee as a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 2014). On March 19, 2014, McGahee was sentenced as a habitual offender to seven years in the custody of the Mississippi Department of Corrections without the possibility of parole or probation. On March 24, 2014, McGahee filed a motion for a new trial or judgment notwithstanding the verdict. On March 25, 2014, the trial court denied the motion.

¶5. On April 3, 2014, the trial court entered an order finding McGahee to be indigent and allowing him to appeal in forma pauperis. On the same day, McGahee timely filed his notice of appeal. On October 8, 2014, McGahee's counsel filed a brief in accordance with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating that he had determined that after scouring the

3

record thoroughly there were no arguable issues supporting McGahee's appeal. McGahee

was given an opportunity to file a supplemental pro se brief to address any issues he desired

to raise on appeal. McGahee did not file a brief. Finding no error, we affirm.

**DISCUSSION**

¶6.      McGahee's appellate counsel filed a brief in accordance with *Lindsey*, 939 So. 2d 743.

*Lindsey* established the procedure to be followed "when appellate counsel represents an

indigent criminal defendant and does not believe his or her client's case presents any arguable

issues on appeal." *Id.* at 748 (¶18). Specifically, the *Lindsey* court stated:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of
> Appellate Procedure 28(a)(1)-(4), (7); *see also* [*Smith v.*] *Robbins*, 528 U.S.
> [259,]   280-81 [(2000)] (stating that "counsel's summary of the case's
> procedural and factual history, with citations of the record, both ensures that
> a trained legal eye has searched the record for arguable issues and assists the
> reviewing court in its own evaluation of the case.").

> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify
> that there are no arguable issues supporting the client's appeal, and he or she
> has reached this conclusion after scouring the record thoroughly, specifically
> examining: (a) the reason for the arrest and the circumstances surrounding
> arrest; (b) any possible violations of the client's right to counsel; (c) the entire
> trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial
> misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into
> evidence or not; and (h) possible misapplication of the law in sentencing.

> (3) Counsel must then send a copy of the appellate brief to the defendant,
> inform the client that counsel could find no arguable issues in the record, and
> advise the client of his or her right to file a pro se brief.

> (4) Should the defendant then raise any arguable issue or should the appellate
> court discover any arguable issue in its review of the record, the court must,
> if circumstances warrant, require appellate counsel to submit supplemental
> briefing on the issue, regardless of the probability of the defendant's success
> on appeal.

> (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Id.* (internal citations and footnotes omitted).

¶7. On October 8, 2014, McGahee's appellate counsel filed a brief in accordance with *Lindsey*, stating that he was of the opinion "that there are no arguable issues supporting [McGahee's] appeal, and that he had reached this conclusion after scouring the record throughly[.]" McGahee's appellate counsel specifically examined: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of McGahee's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing. Appellate counsel forwarded a copy of his brief to McGahee informing him that counsel could find no arguable issues in the record. McGahee was also advised that he had the right to file a pro se supplemental brief. We find that McGahee's counsel complied with the procedure set forth in *Lindsey*. McGahee's counsel also requested in his brief that this Court allow thirty days of additional time for McGahee to file a supplemental pro se brief. This Court, on its own motion, entered an order on October 16, 2014, acknowledging that McGahee was sent a copy of the brief filed by his counsel and giving McGahee thirty days to file his own brief to address any issues he desired to raise on appeal. McGahee did not file a pro se brief. After reviewing the record, we find no reversible error and no issue that would require additional briefing by counsel. Therefore, we affirm McGahee's conviction and sentence.

¶8. **THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF**

**CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE IN A CORRECTIONAL FACILITY AND SENTENCE AS A HABITUAL OFFENDER OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR AND WILSON, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**